

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-91,267-01

### EX PARTE LAWRENCE JOINER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13,679A IN THE 21ST DISTRICT COURT
### FROM BASTROP COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion in which KELLER, P.J., and SLAUGHTER, J., joined.

### O P I N I O N

Applicant was convicted of aggravated robbery and sentenced to thirty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Joiner v. State*, No. 03-09-00694-CR (Tex. App.—Austin, Aug. 3, 2010). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that the State presented false testimony at his punishment hearing, trial counsel was deficient in his preparation for and during the punishment hearing, and trial counsel's advice to Applicant to reject the State's plea offer, plead to guilty, and request probation from the

jury was objectively unreasonable. After an evidentiary hearing, the trial court found that counsel's representation was not deficient, but that the testimony in question was false or created a false impression for the jury, that the testimony was material, and that Applicant was harmed by the misrepresentation.

We agree. Relief is granted. *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). The sentence in cause number 13679 in the 21st District Court of Bastrop County is set aside, and Applicant is remanded to the custody of the Sheriff of Bastrop County for a new punishment hearing. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 30, 2021
Do not publish